SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SERGE HAITAYAN, JASPREET DHILLON, ROBERT ELKINS, and MANINDER "PAUL" LOBANA,<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC., a Texas corporation.<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. **INTRODUCTION**

1. This is an action for injunctive and declaratory relief, brought pursuant to Fed. R. Civ. P. 57, 28 U.S.C. §§ 2201–2202, California Code of Civil Procedure §§ 525, 526, and 1060, California Labor Code §§ 98.6 and 1102.5, 29 U.S.C. §215(a)(3), and California Business & Professions Code §§17200 *et seq*. The plaintiffs in this action are named plaintiffs in a putative class action entitled *Haitayan et al v. 7-Eleven, Inc.*, No. 2:17-cv-07454-JFW-JPR. They brought that action late last year on behalf of 7-Eleven franchisees throughout California, contending that 7-Eleven has misclassified them as independent contractors when they are actually employees entitled to state and federal wage law protections. They allege in that action that they and other 7-Eleven franchisees have essentially worked as 7-Eleven store managers but had to pay large sums of money for their jobs (in the form of "franchise fees") and have suffered a variety of other wage law violations. This Court dismissed their claims on March 14, 2018, and the plaintiffs have appealed that dismissal to the Ninth Circuit, where their case is currently pending. *See* Ninth Circuit No. 18-55462.

2. While their wage law class action is pending at the Ninth Circuit, 7-Eleven is now engaged in an attempt to obtain releases from 7-Eleven franchisees which would prevent them from participating in that action, should it be successful following appeal. Plaintiffs now bring this declaratory and injunctive action seeking to prevent 7-Eleven from interfering with their pending case in this manner. Rather than awaiting the result of the appellate process, and potential further proceedings below, 7-Eleven is taking matters into its own hands to ensure that neither the plaintiffs, nor the putative class, will be able to pursue these claims, even if such claims would ultimately be determined to be meritorious.

3. Specifically, 7-Eleven is now distributing a new franchise agreement to all of its franchisees and encouraging them to sign it quickly. This new franchise agreement includes a general release of all claims, which purports to include the wage claims in the pending *Haitayan*

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

action. Despite Plaintiffs' counsel's request that 7-Eleven carve out of any release it may seek from franchisees those claims that are now pending in the *Haitayan* case at the Ninth Circuit, 7-Eleven has taken the position that it is free to obtain general releases from franchisees despite these ongoing legal proceedings.

4. As set forth further below, and as Plaintiffs will explain in their Motion for Temporary Restraining Order and Preliminary Injunction, such action by 7-Eleven violates the rights of the plaintiffs, and other 7-Eleven franchisees on whose behalf Plaintiffs have pursued the original *Haitayan* action and this action. The plaintiffs should be free to pursue their wage claims without being faced with the "Hobson's" choice of doing so only by not signing the new franchise agreement and thereby discontinuing their work for 7-Eleven (and giving up their livelihoods, as well as walk away from the substantial investment they have been required to make in order to work for 7-Eleven). 7-Eleven's requirement that the Plaintiffs sign this new franchise agreement, including a general release, in order to continue working for 7-Eleven effectively prevents their ability to attempt to vindicate their rights in the pending *Haitayan* case and constitutes express retaliation against them if they were to choose to continue with their claims (by forcing them to thereby end their relationship with 7-Eleven). Further, 7-Eleven's action in distributing this franchise agreement with a general release puts putative class members in the same position of being forced to make this untenable choice. It also constitutes a coercive and misleading attempt to release putative class members' claims in the *Haitayan* case, without any consideration, other than being able to keep their jobs.

5. In sum, 7-Eleven's conduct seeking to undermine Plaintiffs' ability to vindicate their rights, as well as those of other 7-Eleven franchisees throughout California, is coercive, oppressive, unconscionable, and in contravention of California and federal law. For all of these reasons and as set forth more fully below and as Plaintiffs will explain in their forthcoming Motion, Plaintiffs seek declaratory relief, and preliminary and permanent injunctive relief,

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

enjoining 7-Eleven from conditioning the renewal of franchise agreements on a general release of Plaintiffs' and putative class members' wage claims that are pending in the *Haitayan* case on appeal and declaring any such signed releases invalid.

## II.     PARTIES

6.     Plaintiff Serge Haitayan is an individual and citizen of the State of California, County of Fresno.  At all times relevant hereto, Haitayan has worked for 7-Eleven by operating one of its retail convenience stores as a "franchisee" in the City of Fresno, County of Fresno, California.

7.     Plaintiff Jaspreet Dhillon is an individual and citizen of the State of California, County of Los Angeles.  At all times relevant hereto, Dhillon has worked for 7-Eleven by operating one of its retail convenience stores as a "franchisee" in the City of Reseda, County of Los Angeles, California.

8.     Plaintiff Robert Elkins is an individual and citizen of the State of California, County of San Diego.  At all times relevant hereto, Elkins has worked for 7-Eleven by operating two of its retail convenience stores as a "franchisee", one in the City of El Cajon, County of San Diego, California, and one in the City of Lakeside, County of San Diego, California.

9.     Plaintiff Maninder "Paul" Lobana is an individual and citizen of the State of California, County of Ventura.  At all times relevant hereto, Lobana has worked for 7-Eleven by operating several of its retail convenience stores as a "franchisee", one in the City of Simi Valley, County of Ventura, California, and one in the City of Oxnard, County of Ventura, California, and one in the City of Alhambra, County of Los Angeles, California.

10.     Defendant 7-Eleven Inc. is a Texas corporation with its corporate headquarters and executive office located at 3200 Hackberry Road, Irving, Texas 75063.  Defendant also maintains a business office in California at 1430 Truxton Avenue, 5th Floor, Bakersfield,

California 93301.  Defendant operates approximately 1,500 7-Eleven convenience stores in the State of California.

### III.     JURISDICTION AND VENUE

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332 in that each Plaintiff is a citizen of a different state from Defendant, and each of their claims in this case has a value, or amount in controversy, in excess of $75,000.

12. This Court also has ancillary jurisdiction under 28 U.S.C. § 1367 to hear this matter as it is substantially related to a previously filed case before this Court, *Haitayan et al. v. 7-Eleven, Inc. et al.,* No. 2:17-cv-07454-JFW-JPR.  The claims brought herein bear a logical relationship to the aggregate core of operative facts in that case, because this case challenges 7-Eleven's ability to force Plaintiffs to choose between keeping their jobs and pursuing their wage law allegations in that previously filed case.

13. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2201, which is of sufficient immediacy to warrant declaratory relief.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c) because a substantial number of the events giving rise of the claims asserted in this Complaint occurred within this District and Division, because Defendant resides within and has substantial contacts in this District and Division, and because Plaintiffs Dhillon and Lobana reside and operate 7-Eleven retail convenience stores within this District and Division.

### IV.     STATEMENT OF FACTS

15. 7-Eleven is an international convenience store chain.  For many (but not all) of its convenience stores, it uses a "franchise" model, in which it charges individuals large sums of money to purchase a "franchise" and supposedly own their own retail business.  7-Eleven classifies the "franchisees" as independent contractors.

16. In a previously filed case, *Haitayan et al v. 7-Eleven, Inc.*, No. 2:17-cv-07454-

JFW-JPR, Plaintiffs, who have purchased 7-Eleven franchises in California, contended that they were misclassified as independent contractors when they were actually employees and thereby suffered various violations of state and federal wage laws.

17. This Court dismissed that case on March 14, 2018, when it granted 7-Eleven's motion for judgment on the pleadings. *See Haitayan*, ECF No. 132. The plaintiffs timely appealed, and their case is now pending at the Ninth Circuit Court of Appeals. *See* Ninth Circuit No. 18-55462.

18. On April 30, 2018, the California Supreme Court issued its decision in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal. 5th 903, 416 P.3d 1 (2018), which clarified the test for distinguishing between employees and independent contractors for purposes of wage claims covered by the Wage Orders. In light of that decision, Plaintiffs submit that their appeal of the dismissal of their prior case in *Haitayan* is much more likely to be successful, as 7-Eleven will now be required to satisfy a strict "ABC" test in order to justify classifying them as independent contractors. In particular, Prong B of that test would require 7-Eleven to prove that the plaintiffs perform services outside 7-Eleven's usual course of business, and Plaintiffs submit that 7-Eleven will not be able to make that showing. Plaintiffs run retail convenience stores for 7-Eleven, and operating retail stores is 7-Eleven's usual course of business. Plaintiffs also deny that 7-Eleven would be able to prove Prong A or Prong C of this test either, as Plaintiffs perform these services under 7-Eleven's detailed direction and control (Prong A) and they do so while "wearing the hat" of 7-Eleven, rather than the "hat" of their own independent business (Prong C).

19. In order to work as a "franchisee" of 7-Eleven, running one or more of its convenience stores, Plaintiffs and other franchisees have been required to sign a franchise agreement. These agreements, which are adhesive, typically last for 15 years. These agreements are provided on a "take-it-or-leave-it" basis, with no opportunity for franchisees to individually negotiate their terms.

20.     In order to continue working for 7-Eleven, all four plaintiffs will be required to sign a new franchise agreement by April 2019.

21.     Given that Plaintiffs' appeal in the previous *Haitayan* matter has only recently been filed, and given the fact that appeals at the Ninth Circuit typically take well more than a year, Plaintiffs' appeal will not be decided before the date that they would be required to sign the new franchise agreement in 2019.

22.     The new 2019 franchise agreement that Plaintiffs will be required to sign was provided to them on June 15, 2018.  It contains a general release of all claims, specifically including the state and federal wage claims contained in the previous *Haiyatan* matter.

23.     Thus, in order to continue working for 7-Eleven, Plaintiffs would be required to release their claims in the previous *Haiyatan* matter.

24.     In order to begin working for 7-Eleven, Plaintiffs, like all franchisees, were required to pay substantial amounts of money to 7-Eleven in the form of "franchise fees."

25.     Thus, should Plaintiffs refuse to sign the new franchise agreement, not only would they be forced to give up their jobs running the 7-Eleven convenience stores that have been their livelihood for many years, they would also lose the full investment they were required to make in the form of franchise fees.

26.     7-Eleven knows that its franchisees feel economically obligated to sign these adhesive franchise agreements in order to maintain their livelihoods and not walk away from the substantial investments they were required to make in order to run 7-Eleven convenience stores.

27.     Approximately 20% of 7-Eleven's "franchisees" operate under a 2004 franchise agreement and thus will be required to sign a new agreement by April 2019.

28.     However, in order to obtain general releases from as many franchisees as possible, and thus avoid substantial liability should Plaintiffs be successful in the previous *Haitayan* matter, 7-Eleven has distributed the new 2019 franchise agreement to all of its franchisees and is

encouraging all of its franchisees to sign it by the end of 2018.

29. 7-Eleven has engaged in misleading communications with its franchisees, implying that they must sign the new franchise agreement soon, even for those franchisees whose current agreements do not expire in 2019.

30. For example, in May 2018, 7-Eleven began sending misleading e-mails to all California franchisees, with the subject line: "Action Needed Regarding 2019 Franchise Agreement." Through these and other communications, 7-Eleven has suggested to all of its franchisees that they must sign this new agreement soon, including the general releases of claims included therein.

31. 7-Eleven is now actively soliciting and pressuring its franchisees to sign these general releases before the end of 2018, both for those franchisees whose agreements expire in 2019, as well as others whose agreements do not expire in 2019.

32. 7-Eleven's actions are inherently coercive, unconscionable, and retaliatory in contravention of California state and federal law. 7-Eleven is forcing Plaintiffs to choose between keeping their jobs (as well as not walking away from the substantial investments they were required to make to obtain those jobs) and pursuing their state and federal labor claims. Indeed, 7-Eleven's actions are overtly retaliatory because 7-Eleven will only allow Plaintiffs to continue working for the company in their current positions if they sign the new franchise agreement and thereby release their claims in the previous *Haitayan* matter.

33. 7-Eleven's actions are likewise coercive, unconscionable, misleading, and retaliatory with respect to other California franchisees on whose behalf Plaintiffs brought the previous *Haitayan* matter. 7-Eleven is also forcing these franchisees to choose between keeping their jobs (as well as not walking away from the substantial investments they were required to make to obtain those jobs) and being allowed to participate as putative class members, should the *Haitayan* matter be successful. 7-Eleven's actions are overtly retaliatory in that any franchisee

who chooses not to sign the general release, so as to thereby preserve his or her claims in the *Haitayan* case, would not be permitted to continue in their current jobs with the company as "franchisees" running 7-Eleven convenience stores.

34. 7-Eleven's conduct presents a matter of imminent injury to Plaintiffs. Plaintiffs face the prospect of losing their jobs, as well as their substantial investment in their franchises, if they do not sign the new franchise agreement, including the general release. If they sign this agreement, they will not be able to pursue their state and federal wage claims included in the previous *Haitayan* matter.

35. Likewise, 7-Eleven's conduct presents a matter of further injury to the putative class members in the previous *Haitayan* matter, as they likewise face the prospect of losing their jobs, as well as their substantial investment in their franchises, if they do not sign the new franchise agreement, including the general release. If they sign this agreement, they will not be able to have their state and federal wage claims pursued on their behalf as putative class members in the previous *Haitayan* matter.

## COUNT I

### Declaratory Judgment

36. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

37. An actual controversy of sufficient immediacy exists between the Parties as to whether 7-Eleven may require Plaintiffs and other 7-Eleven franchisees in California to sign the general releases contained within 7-Eleven franchise renewal contracts, as described above, and whether such releases are valid as applied to Plaintiffs' pending claims in the prior *Haitayan* matter.

38. 7-Eleven's conduct, as set forth above, is coercive, unconscionable, retaliatory, and contravenes California state and federal law.

39. As a result of the factual allegations above, Plaintiffs have suffered actionable harm.  Plaintiffs are being forced to imminently choose between their employment and livelihoods (as well as substantial investments they were required to pay for their jobs in the form of "franchise fees"), on the one hand, and the right to pursue their state and federal wage claims in the previous *Haitayan* matter, on the other.

40. Plaintiffs seek an order of this Court pursuant to Fed. R. Civ. P. 57, 28 U.S.C. §§2201–02, and California Code of Civil Procedure § 1060 declaring the general release invalid and unenforceable and declaring that Plaintiffs, as well as putative class members in the *Haitayan* matter, may continue their employment with 7-Eleven (by renewing their franchises) without releasing their claims in that matter. To the extent any franchisees have signed, or will sign, such a release, the Court should declare those general releases to be invalid and unenforceable.

## COUNT II

### Injunctive Relief

41. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

42. 7-Eleven's conduct, as set forth above, will imminently force Plaintiffs and other 7-Eleven franchisees in California to choose between their employment and livelihoods (as well as substantial investments they were required to pay for their jobs in the form of "franchise fees"), on the one hand, and the right to pursue their state and federal wage claims in the previous *Haitayan* matter, on the other.  7-Eleven's conduct threatens imminent violation of Plaintiffs' rights, as well as those of other 7-Eleven franchisees in California.

43.     Plaintiffs and other 7-Eleven franchisees in California will be irreparably injured by 7-Eleven's conduct, and pecuniary compensation alone would not afford them adequate relief.

44.     The balancing of harms favors the issuance of injunctive relief, and injunctive relief is in the public's interest.

45.     Plaintiffs seek an order of this Court pursuant to California Code of Civil Procedure §§ 525, 526 permanently enjoining 7-Eleven from conditioning the renewal of their franchise agreements, as well as those of other 7-Eleven franchisees in California, on releasing their state and federal wage claims contained in the *Haitayan* matter.  To the extent any franchisees have signed, or will sign, such a release, the Court should order those general releases to be invalid and unenforceable.

## COUNT III

**Violation of California Labor Code §§ 98.6 and 1102.5 and 29 U.S.C. § 215(a)(3)**

46.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

47.     By forcing Plaintiffs, as well as other 7-Eleven franchisees in California, to choose between pursuing their state and federal wage claims and keeping their jobs, 7-Eleven is engaging in overt retaliation.  7-Eleven will only allow franchisees to continue in their jobs if they release these claims, and conversely, it will not allow continued employment for any franchisees who choose to pursue these claims, or have these claims pursued on their behalf as putative class members.

48.     7-Eleven's conduct is retaliatory and unlawful within the meaning of California Labor Code §§ 98.6 and 1102.5 and 29 U.S.C. § 215(a)(3).

# COUNT IV

## Unfair and Unlawful Business Practices Under California Business & Professions Code § 17200 *et seq.*

49. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

50. 7-Eleven's conduct as set forth above, in presenting Plaintiffs and other 7-Eleven franchisees with a general release that purports to terminate their pending state and federal wage claims in the prior *Haitayan* matter, is unlawful.

51. 7-Eleven's conduct is also unfair in that it is unethical, oppressive, unscrupulous, coercive, and offensive to California public policy. Having had state and federal wage claims filed against it by "franchisees" who claim that they are in fact employees, 7-Eleven seeks to force Plaintiffs (and putative class members in the previous *Haitayan* matter) to choose between pursuing this claim, and keeping their jobs and livelihoods (and not walking away from the substantial investments they were required to make to obtain these jobs).

52. As a result of 7-Eleven's unlawful and unfair conduct, Plaintiffs will imminently suffer injury in fact by way of losing either their jobs (and these substantial investments) or their statutory labor rights.

53. Plaintiffs seek declaratory and injunctive relief under this Count pursuant to California Business & Professions Code § 17203.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that 7-Eleven's actions described in this Complaint violate the rights of Plaintiffs and putative class members in the previous *Haitayan* matter under California state and federal law and constitute unlawful and unfair business practices;

b. Declare that the General Release contained within the 7-Eleven franchise renewal contract is invalid, unenforceable, and unconscionable, as it pertains to claims pending in the *Haitayan* appeal;

c. Preliminarily and permanently enjoin 7-Eleven, its officers, agents, servants, and employees, from conditioning the renewal of a 7-Eleven franchise on the signing of a general release requiring "franchisees" to dismiss these previously filed state and federal wage claims, and permanently enjoin the enforcement of such a release (for any that are signed);

d. Award Plaintiffs reasonable attorneys' fees, costs, and expenses of litigation, pursuant to California Code of Civil Procedure § 1021.5; and

e. Order such other relief as the Court may deem just and proper.

Dated: June 19, 2018

Respectfully submitted,

SERGE HAITAYAN, JASPREET DHILLON, ROBERT ELKINS, and MANINDER "PAUL" LOBANA,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com